NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3010
_____

ANTHONY L. ERIE,

Appellant

v.

COUNTY OF CRAWFORD, COMMONWEALTH OF PENNSYLVANIA;
GORDON R. MILLER, JUDGE;
FRANCIS J. SHULTZ, DISTRICT ATTORNEY;
RODGER M. BAUER, ASST. DISTRICT ATTY.;
PAULA C. DIGIACOMO, FIRST ASST. D.A.

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00139)
District Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  January 13, 2006)

OPINION
_____

PER CURIAM

    Anthony Erie appeals the District Court's order denying his motion to reopen. Erie filed a civil rights complaint in the District Court for the Western District of Pennsylvania. In his complaint and amended complaint, he alleged constitutional violations by the district attorneys and judge involved in his conviction for driving under the influence. The District Court granted appellees' motions to dismiss on the grounds that his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and judicial immunity. Erie filed a motion for reconsideration which the District Court denied. Two months later, Erie filed a motion to reopen which was denied. Erie then filed a second motion to reopen which the District Court denied. Erie then filed a notice of appeal.

    We have jurisdiction under 28 U.S.C. § 1291. Because Erie sought relief from the District Court's judgment in his second motion to reopen, we will construe the motion as one requesting relief under Federal Rule of Civil Procedure 60(b). The denial of a Rule 60(b) motion is an appealable order; however, the scope of the appeal does not include the underlying judgment. Browder v. Director of Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Disposition of a motion under Rule 60(b) is within the discretion of the trial court, and the Court of Appeals may review the ruling only for an abuse of that discretion. Hodge v. Hodge, 621 F.2d 590, 593 (3rd Cir. 1980).

    In his second motion to reopen, Erie alleged that the appellees' motions to dismiss were granted because appellees misled the District Court as to the facts of the case. Erie does not identify any specific facts which were misrepresented or explain how they

affected the District Court's ruling.  Moreover, as noted by the District Court, when evaluating a complaint under Rule 12(b)(6), the allegations of the complaint are taken to be true.  Because Erie did not present any grounds for relief from the judgment, the District Court did not abuse its discretion in denying the motion to reopen.

     For the above reasons, the District Court's June 1, 2005 order is affirmed.  Erie's "Motion for Order for Final judgment" and motion for oral argument are denied.